UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN MARQUEZ, | No.  2:25-cv-00092-SCR P |
| Plaintiff, | ORDER |
| v. | |
| I. THIND, ET AL., | |
| Defendants. | |

Plaintiff is incarcerated in a state prison and proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's complaint is before the undersigned for screening under 28 U.S.C. § 1915(A).  Plaintiff has requested leave to proceed without paying the full filing fee for this action.  ECF No. 2.  Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee.  See 28 U.S.C. § 1915(a)(2).  Accordingly, plaintiff's motion to proceed in forma pauperis is granted.[1]

////

---

[1] This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum.  28 U.S.C. §§ 1914(a).  As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account.  See 28 U.S.C. § 1915(b)(1).  A separate order directed to CDCR requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account. These payments will be taken until the $350 filing fee is paid in full.  See 28 U.S.C. § 1915(b)(2).

1

**STATUTORY SCREENING OF PRISONER COMPLAINTS**

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**FACTUAL ALLEGATIONS OF THE COMPLAINT**

The events underlying plaintiff's complaint occurred at California Health Care Facility, Stockton ("CHCF-Stockton"). ECF No. 1 at 1. Plaintiff names three defendants: (1) I. Thind, a correctional officer at CHCF-Stockton, (2) Sergeant Saechao, a correctional sergeant at CHCF-Stockton, and (3) Lieutenant J. Purtle, a corrections lieutenant at CHCF-Stockton. Id.

Plaintiff alleges that on October 21, 2024, at 6:18 p.m., defendant correctional officer I. Thind, correctional officer Vanderwall, who is not a named defendant in the instant action, and defendant Sgt. Saechao shackled his hands and feet and moved him to the med-room. Id. at 3. Defendant Thind began holding plaintiff's left arm aggressively, upon which plaintiff told him to

2

stop.  Id.  In response, defendant Thind pushed plaintiff to the ground, yelled "stop resisting" in his face, and began to punch, kick, and knee plaintiff in the face.  Id.  Plaintiff alleges that defendant Sgt. Saechao has a "terrible past with using excessive force on inmates."  Id.  Instead of intervening, defendant Sgt. Saechao participated in "beating" plaintiff.  Id. at 3-4.  The physical altercation lasted around five minutes.  Id. at 3.  Then, defendants Thind and Sgt. Saechao removed and cut up plaintiff's shirt and pants.  Id.  The value of the clothing was $60.  Id.  Plaintiff lost consciousness soon after and woke up naked, sustaining bruises on his face, head, and body.  Id.  Plaintiff alleges that throughout this interaction, he was sitting down handcuffed and, therefore, posed no threat.  Id.  Plaintiff further alleges that defendants Thind and Sgt. Saechao claim plaintiff spat at them and attempted to headbutt them; however, plaintiff alleges that this is a lie to cover up the beating.  Id.  In addition, plaintiff often talks to the correctional officers about his past, including his "664/187" offense against a law enforcement officer, so they are all aware of his criminal record.  Id. at 4.  Plaintiff alleges that these defendants' use of excessive force was in retaliation for his past crime against a law enforcement officer.  Id.

After the physical altercation, all of plaintiff's belongings were removed from his cell.  Id. at 5.  Plaintiff alleges that his belongings were confiscated as punishment.  Id.  Defendant Lt. Purtle came to examine plaintiff's injuries and told plaintiff that if he did not file a "602-grievance," they would return all his belongings.  Id.  Plaintiff alleges that he was scared by defendant Lt. Purtle's threat.  Id.

Plaintiff alleges that these actions violated the Eighth Amendment, Fourteenth Amendment, and First Amendment.  Plaintiff requests monetary damages in the amount of $90,000 for mental, physical, and emotional injury.  Id. at 11.

## LEGAL STANDARDS

### I.    Fourteenth Amendment Property Loss

In general, "the root requirement" of the Due process Clause is that an individual be given an opportunity for a hearing *before* he is deprived of any significant protected interest.  Zinermon v. Burch, 494 U.S. 113, 127 (1990) (citing Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542 (1985).  However, in the prison context, not all instances of property deprivation demand

3

such process. Id. at 128. Specifically, for negligent and unauthorized intentional deprivations of property, "a statutory provision for a postdeprivation hearing, or a common-law tort remedy for erroneous deprivation, satisfies due process." Id. With respect to negligent deprivations of property, the very nature of this loss "ma[kes] it impossible for the State to predict such deprivations" nor "precisely when the loss will occur." Id. at 129. Thus, "it is difficult to conceive of how the State could provide a meaningful hearing before the deprivation takes place," making such a remedy as a postdeprivation tort cause of action "all the process [a] prisoner [is] due" because it is "the only remed[y] the State could be expected to provide." Id. at 128-29. Similarly, with unauthorized intentional deprivations of property, where a "state official [is] not acting pursuant to any established state procedure, but, instead, [is] apparently pursuing a random, unauthorized personal vendetta against [a] prisoner," "[t]he State can no more anticipate and control in advance [this kind of] conduct of its employees than it can anticipate similar negligent conduct." Id. at 130. That the state official "himself could 'foresee' the wrongful deprivation and could prevent it by simply refraining from his misconduct" "is 'of no consequence' because the proper inquiry … is whether the *state* is in a position to provide for predeprivation process." Id. (citation omitted) (emphasis added). Accordingly, where the state provides an adequate post-deprivation remedy, a plaintiff's claim is actionable under state law, but he or she may not pursue a due process claim arising out of the unlawful confiscation of his personal property in federal court. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994).

## II.    First Amendment Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted). Filing an inmate grievance is a protected action under the First Amendment. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003). A prison transfer may also constitute an adverse action. See Rhodes, 408 F.3d at 568 (9th Cir. 2005) (recognizing an arbitrary confiscation and

4

destruction of property, initiation of a prison transfer, and assault as actionable forms of retaliation for filing inmate grievances).

### III.   Eighth Amendment Use of Excessive Force

The Eighth Amendment prohibits prison officials from inflicting cruel and unusual punishment on inmates which has been defined as "the unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is … whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillan, 503 U.S. 1, 7 (1992). The court's inquiry into an excessive force claim focuses on the extent of the prisoner's injury, the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7 (quotation marks and citations omitted). While the absence of a serious injury is relevant to the Eighth Amendment inquiry, it does not end it. Id. The malicious and sadistic use of force to cause harm always violates contemporary standards of decency in violation of the Eighth Amendment. Whitley, 475 U.S. at 327.

### DISCUSSION

### I.   Validly Stated Claims

#### A.  Excessive Force (Defendants Thind & Saechao)

The undersigned finds that plaintiff has adequately stated a claim for excessive force against defendants Thind and Sgt. Saechao. Plaintiff alleges that he was sitting down with his hands and feet shackled when defendant Thind began to beat him. ECF No. 1 at 3. Plaintiff further alleges that instead of intervening, defendant Sgt. Saechao joined defendant Thind in beating him. Id. at 4. Plaintiff does not allege that this incident occurred in the context of a riot or lesser disruption, nor does plaintiff allege any facts that indicate defendant perceived him as a threat warranting force to maintain or restore discipline. These facts do not support an inference that use of force by either defendant was necessary.

5

Plaintiff further alleges that defendants punched, kicked, and kneed him in the face for five minutes, until he fell unconscious. Id. at 3. Plaintiff sustained swelling and black-and-blue bruising all over his face. Id. Defendants' alleged actions and the extent of their beating support an inference of wanton infliction of harm. For screening purposes, these allegations are sufficient to make out an excessive force claim.

### B. Retaliation (Defendant Lt. Purtle)

The undersigned finds that plaintiff has made a valid claim for retaliation against defendant Lt. Purtle. Plaintiff alleges that defendant Lt. Purtle withheld his belongings unless plaintiff agreed not to file a grievance against defendants Thind and Saechao. Depriving inmates of their personal property in order to stop them from filing a grievance constitutes adverse action taken because of protected conduct. Rhodes, 408 F.3d at 568; Bruce v. Ylst, 351 F.3d at 1288. Plaintiff also alleges that defendant Lt. Purtle's threat scared him. Id. This supports an inference that defendant Lt. Purtle's actions discouraged plaintiff from filing a grievance, chilling the exercise of his First Amendment right to do so. Finally, plaintiff alleges that he was deprived of his belongings so he would not report defendants Thind and Saechao. Id. Pressuring prisoners not to report staff misconduct is not a legitimate correctional goal. See Shephard v. Quillen, 840 F.3d 686, 692 (9th Cir. 2016) ("[A] prison official who uses a valid procedure as subterfuge to obscure retaliation cannot assert that his action served a valid penological purpose."); Warrior v. Santiago, No. 1:16-cv-1504 AWI GSA PC, 2018 WL 827616, at *5 (E.D. Cal. Feb. 12, 2018) (confiscating Plaintiff's property did not reasonably advance a legitimate correctional goal). For screening purposes, these allegations are sufficient to make a retaliation claim.

### II.    Failure to State A Claim

### A. Property Loss (Defendants Thind & Saechao)

Plaintiff alleges that defendants Thind and Sgt. Saechao cut up and removed his clothing after they beat him. ECF No. 1 at 3. Plaintiff does not allege any facts indicating this was done pursuant to any authorized prison policy or procedure. Accordingly, the undersigned construes these facts to constitute an unauthorized intentional deprivation of property. Under this classification, plaintiff has failed to make a valid property loss claim because unauthorized

6

intentional deprivations of property are not actionable under the Due Process Clause where state post-deprivation remedies are available.  The Ninth Circuit has held that California provides adequate post-deprivation remedies.[2]  Barnett, 31 F.3d at 816-17.

### B.  First Amendment Retaliation (Defendants Thind & Sgt. Saechao)

Plaintiff alleges that defendants Thind and Sgt. Saechao beat him because of his criminal history, specifically his attempted murder of a law enforcement officer.  ECF No. 1 at 4.  However, "mere speculation that defendants acted out of retaliation is not sufficient.  Wood v. Yordy, 753 F.3d 899, 905 (9th Cir. 2014).  Although plaintiff often talked to correctional officers about his criminal history, there are no facts to indicate that defendants Thind and Sgt. Saechao had knowledge of plaintiff's criminal history.  And even assuming they did have knowledge, plaintiff does not allege any facts to support an inference that their physical attack against plaintiff was in retaliation for his attempted murder of a law enforcement officer.

Even if plaintiff had satisfactorily alleged that defendants attacked plaintiff in retaliation for his past crime against a law enforcement officer, the retaliation must have been in response to protected conduct.  Attempted murder is not a protected activity under the First Amendment.  Garcia v. Foulk, No. 2:14-cv-2378 JAM DBP, 2020 WL 564791, at *8 (E.D. Cal. Feb. 5, 2020) ("It goes without saying that attempted murder is not a protected activity under the First Amendment.  Therefore, plaintiff has no legitimate claim for retaliation on this basis…."), report and recommendation adopted sub nom. Garcia v. Folks, No. 214cv2378JAMDBP, 2020 WL 1432994 (E.D. Cal. Mar. 24, 2020).  Accordingly, the alleged actions taken by defendants Thind and Sgt. Saechao do not constitute retaliation under the First Amendment.[3]

---

[2] In California, plaintiffs may bring tort suits for conversion of property against public entities, including the California Department of Corrections and Rehabilitation, and their employees.  Cal. Gov't Code §§ 810–895; see also R.L. v. Merced City Sch. Dist., 114 Cal. App. 5th 89 (Cal. Ct. App. 2025), review denied (Dec. 17, 2025) (explaining that under the Government Claims Act, "an employee of a public entity is liable for his or her torts … and the public entity is vicariously liable for injury which its employee causes …"); Foster v. Sexton, 61 Cal. App. 5th 998, 1020 (Cal. Ct. App. 2021) (construing plaintiff's property loss claim as conversion of tangible personal property claim).

[3] The facts alleged for plaintiff's retaliation claim may be helpful toward establishing his Eighth Amendment claim against defendants Thind and Sgt. Saechao for use of excessive force.  Excessive force requires a prison official to have applied the force at issue "in a good faith effort

7

## OPTIONS FROM WHICH PLAINTIFF MUST CHOOSE

Based on the court's screening, plaintiff has a choice to make. After selecting an option from the two options listed below, plaintiff must return the attached Notice of Election form to the court within 21 days from the date of this order.

### I.    Option 1

Plaintiff may choose to proceed immediately against defendants Thind and Sgt. Saechao on the Eighth Amendment excessive force claim and against defendant Lt. Purtle on the First Amendment retaliation claim. By choosing this option, plaintiff will be agreeing to voluntarily dismiss the alleged Fourteenth Amendment property loss claim and the First Amendment retaliation claim against defendants Thind and Sgt. Saechao. The court will proceed to immediately serve the complaint and order a response from defendants Thind, Sgt. Saechao, and Lt. Purtle.

### II.    Option 2

Plaintiff may choose to file an amended complaint to fix the problems described in Section II of this order titled "Failure to State A Claim." If plaintiff chooses this option, the court will set a deadline by subsequent order to give plaintiff time to file an amended complaint.

## LEGAL STANDARDS GOVERNING AMENDED COMPLAINTS

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must specifically identify how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official

/////

---

to maintain or restore discipline." Hudson, 503 U.S. at 7. Plaintiff's allegation that defendants physically attacked him out of revenge for his criminal history tends to prove that they did not use force to restore order.

participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. See Local Rule 220. This is because, as a general rule, an amended complaint replaces the prior complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012). Therefore, in an amended complaint, every claim and every defendant must be included.

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Neither plaintiff's Fourteenth Amendment property loss claim nor his First Amendment retaliation claim against defendants Thind and Sgt. Saechao state a claim for which relief can be granted.

4. Plaintiff has the option to proceed immediately on his Eighth Amendment excessive force claim against defendants Thind and Sgt. Saechao and his First Amendment retaliation claim against defendant Lt. Purtle as set forth in Section I above, or to file an amended complaint.

5. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint.

6. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of the Fourteenth Amendment property loss claim and First Amendment retaliation claim against defendants Thind and Sgt. Saechao.

DATED: March 5, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

9

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JONATHAN MARQUEZ,

                Plaintiff,

     v.

I. THIND, ET AL.,

                Defendants.

No.  2:25-cv-00092-SCR P

NOTICE OF ELECTION

Check one:

_____ Plaintiff wants to proceed immediately on his Eighth Amendment excessive force claim against defendants Thind and Sgt. Saechao and his First Amendment retaliation claim against defendant Lt. Purtle without amending the complaint.  Plaintiff understands that by choosing this option, the remaining Fourteenth Amendment property loss claim and First Amendment retaliation claim against defendants Thind and Sgt. Saechao will be voluntarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(a).

_____ Plaintiff wants time to file an amended complaint.

DATED:_____

                                      _____
                                      Jonathan Marquez, Plaintiff pro se

10